IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Leda Chacon, | ) | |
|     Plaintiff, | )<br>)<br>) | |
| v. | ) | No.   11 C 4903 |
| Security Credit Services, LLC, a Mississippi limited liability company, and Leading Edge Recovery Solutions, LLC, an Illinois limited liability company, | )<br>)<br>)<br>)<br>)<br>) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Leda Chacon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, B) one Defendant is headquartered here, and both Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Leda Chacon ("Chacon"), is a citizen of the State of Colorado, from whom Defendants attempted to collect a delinquent consumer debt owed for a GE/Sam's Club credit card, which was then allegedly owed to a bad debt buyer,

Security Credit Services, LLC.  These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Security Credit Services, LLC ("Security"), is a Mississippi limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Security operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Security was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Security is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times, through other collection agencies.

6. Defendant, Leading Edge Recovery Solutions, LLC ("LERS"), is an Illinois corporation, headquartered in Chicago, Illinois, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  LERS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant LERS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Security and LERS are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Security and LERS both conduct business in Illinois.

8. Moreover, Defendants Security and LERS are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Security and LERS both act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Chacon is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a GE/Sam's Club credit card. At some point in time after that debt became delinquent, Defendant Security bought Ms. Chacon's GE/Sam's Club debt. When Defendant Security began trying to collect this debt from her, by having another debt collector, Asset Management Professionals, demand payment of the debt, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Security's collection actions.

10. Accordingly, on July 29, 2010, one of Ms. Chacon's attorneys at LASPD informed Defendant Security, in writing, through its agent, Asset Management Professionals, that Ms. Chacon was represented by counsel, and directed Security to cease contacting her, and to cease all further collection activities because Ms. Chacon was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Group Exhibit C.

11. Nonetheless, despite being advised that Ms. Chacon was represented by counsel and refused to pay the debt, Defendant Security had Defendant LERS send Ms. Chacon a collection letter, dated May 31, 2011, which demanded payment of the GE/Sam's Club debt. A copy of this letter is attached as Exhibit D.

12. Accordingly, on June 22, 2011, Ms. Chacon's attorneys at LASPD informed Defendant Security, yet again, this time through Defendant LERS, that it must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Chacon's agent/attorney, LASPD, told Defendants to cease communications and to cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D),

4

Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or readily could have known, that Ms. Chacon was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Security, in writing (Exhibit C), through its agent, that Ms. Chacon was represented by counsel, and had demanded a cessation of communications with Ms. Chacon.  By sending a collection letter (Exhibit D) to Ms. Chacon, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Leda Chacon, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Chacon, and against Defendants

for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

  3. Grant such further relief as deemed just.

## JURY DEMAND

 Plaintiff, Leda Chacon, demands trial by jury.

            Leda Chacon

            By: /s/ David J. Philipps
            One of Plaintiff's Attorneys

Dated: July 20, 2011

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6